Motion to dismiss appeal denied December 15, 1931; argued December 15, 1932; reversed January 31; rehearing granted and former opinion set aside and judgment affirmed July 18, 1933

IN RE BLAGEN'S ESTATE

## STAIGER *v.* HOLMAN

(6 P. (2d) 43, 18 P. (2d) 591, 23 P. (2d) 917)

*Joseph, Haney & Veatch* and *R. C. Bradshaw,* all of Portland, for appellant.

*I. H. Van Winkle,* Attorney General, and *David S. Husted,* of Portland, for respondent.

■ BEAN, C. J. When a judgment is rendered against a party, his payment of the sum awarded will not preclude him from maintaining an appeal, unless it satisfactorily appears to the court that the payment was not coerced and was made with a view of settlement: *Eilers Piano House v. Pick,* 58 Or. 54 (113 P. 54). This ruling following the holding in *Edwards v. Perkins,* 7 Or. 149, where it was held that a party voluntarily paying a judgment rendered against him is not thereby precluded from prosecuting an appeal therefrom. The reason assigned for the determination there reached was based upon the fact that unless the undertaking on appeal stipulated for the payment of the judgment, if affirmed, the respondent, notwithstanding the appeal, could enforce it and the payment was simply another mode of effecting the purpose of such undertaking. Mr. Justice BOISE, referring to the rights of the appellant, in rendering the decision, said: "We think he is in no worse position from having paid the judgment voluntarily than if he had settled the execution with costs."

In *Duniway v. Cellars-Murton Co.,* 92 Or. 113 (170 P. 298, 179 P. 651), which was an appeal from a sewer assessment upon certain property for the construction of a sewer, the assessment not being paid, and delinquent, the city treasurer sold the property to the respondent for the sum of $84.60 and issued a certificate of sale therefor. Thereupon the appellant, claiming that the assessment and sale were invalid, brought suit to quiet his title. Being decided adversely to him he appealed to this court, giving the usual bond for costs and disbursements. While the appeal was pending here, the appellant, fearing that the time for re-

demption might elapse before the appeal could be heard, paid the auditor of the city of Portland, under protest, the amount of the assessment, costs and penalties, and the respondent moved to dismiss the appeal. In an opinion by Mr. Chief Justice McBride, it was stated that the redemption under the circumstances under which it was made was not voluntary and, as shown by the protest accompanying it, was not made with any intent to waive appellant's rights on appeal: Citing *Edwards v. Perkins,* supra; *Moores v. Moores,* 36 Or. 261 (59 P. 327); *Eilers Piano House v. Pick,* supra, and cases from other states. Chief Justice McBride remarked:

"This holding is not to be confounded with those cases holding that a party voluntarily accepting the benefits of a decree or voluntarily doing some act inconsistent with his contention on the appeal is precluded from maintaining such appeal, or with those cases in which the entire subject matter of the appeal having disappeared there would be nothing left which a reversal of the decree could affect. In the case at bar the appellant in the event of reversal would be entitled by appropriate proceedings for that purpose, to a restitution of the moneys which he was compelled to pay to prevent a deed to his property being issued by the city treasurer: *McFadden v. Swinerton,* 36 Or. 336, 354 (59 P. 816, 62 P. 12)."

In *McFadden v. Swinerton,* 36 Or. 336 (59 P. 816, 62 P. 12), in passing upon a motion to modify the decree, former Chief Justice Bean referred to the affidavit tending to show that before the appeal was taken the clerk of the court below paid out the fund in controversy to several claimants in accordance with the decree of that court. It was held that the right of appeal would not suspend the enforcement of the decree nor justify the custodian of the fund to refuse to disburse it in accordance therewith; that if her

money was paid out before the appeal, the appellants were entitled to recover from the other parties whatever was wrongfully distributed to them; that where a judgment or decree is modified or reversed on appeal the appellant is entitled to restitution of all that is lost under it. See also *Metschan v. Grant County,* 36 Or. 117, 119 (58 P. 80).

In *Hoogendorn v. Daniel,* 202 Fed. 431, a case from Alaska where the Oregon Code was adopted, Circuit Judge Gilbert, on a motion to dismiss the writ of error, on the ground that the plaintiff in error had paid and satisfied the judgment, said: "The motion must be denied. One who voluntarily pays a judgment is not precluded from taking an appeal therefrom." Citing cases, among which is *Edwards v. Perkins,* supra.

The executrix, in taking this appeal, filed an undertaking for damages, costs and disbursements, but did not file a stay bond. She resisted the payment of the inheritance tax as far as she could without incurring penalty and interest. The executrix, as such, is not personally interested in this appeal. She is in much the same position as the clerk of the court in the McFadden case above mentioned.

Counsel for the movant cites the cases of *Johnson v. Crook County,* 53 Or. 329 (100 P. 294, 133 Am. St. Rep. 834) ; *Moffitt v. Salem,* 81 Or. 686 (160 P. 1152) ; *Barnes v. Ind. Acc. Com.,* 112 Or. 41 (228 P. 684) ; *Graves v. Ind. Acc. Com.,* 112 Or. 143 (223 P. 248). The opinions in all of these cases were upon the merits rendered upon a final determination and not upon a motion to dismiss. We follow the holding in *Eilers Piano House v. Pick,* supra.

It does not satisfactorily appear that the compliance by the executrix with the order of the probate court fixing the inheritance tax was not coerced or that it

was made with a view of settlement. The executrix, therefore, is not precluded from maintaining an appeal.

Motion to dismiss is denied.

BELT, J., concurs in the result.

---

Argued December 15, 1932; reversed January 31, 1933

## ON THE MERITS

(18 P. (2d) 591)

*R. C. Bradshaw* and *Bert E. Haney,* both of Portland (Joseph, Haney & Veatch, of Portland, on the brief), for appellant.

*David S. Husted,* of Portland (I. H. VanWinkle, Attorney General, on the brief), for respondent.

ROSSMAN, J. This is an appeal from an order of the circuit court which sustained the objection of the State Treasurer to the final account of Florence Staiger, executrix of the estate of Hannah Blagen, because her final account segregated as exempt from taxation under our inheritance tax law property which Hannah Blagen had received from the estate of N. J. Blagen, who died October 16, 1929. An inheritance tax was paid on that estate July 18, 1930. July 15, 1930, the estate of N. J. Blagen was closed, and, by order of the circuit court, all of the property was then de-

livered to the widow, Hannah Blagen. November 21, 1930, Hannah Blagen died, and shortly thereafter her will was admitted to probate. The assets of her estate were substantially the same property which had constituted the N. J. Blagen estate. The final account of Florence Staiger deducted from the total value of the estate the value of the property which Hannah Blagen had received from the estate of N. J. Blagen on the ground that section 10-604, Oregon Code 1930, authorized the deduction. The State Treasurer objected to this report, contending that, since the two deaths had not occurred within one year, the above section of our laws did not warrant the exemption. This objection was sustained by the circuit court, and on July 31, 1931, that court entered an order holding the estate subject to an inheritance tax of $14,861.67, which the executrix paid July 18, 1931. August 29, 1931, the executrix filed notice of appeal from the aforementioned order, and thereupon the State Treasurer moved to dismiss the appeal on the ground that payment precluded an appeal. The motion was denied by this court. This motion is argued again in respondent's brief, and we have again considered the matter but remain satisfied with our previous decision.

Section 10-604, Oregon Code 1930, which is a part of our laws imposing a tax upon the right of inheritance, provides:

"There shall be allowed as a deduction from the value of the property subject to the taxes imposed by section 10-603, Oregon Code, an amount equal to the value of any property received by the decedent within one year prior to his death by inheritance, devise or bequest, where such property can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued in this state under sections 10-603 and 10-606, Oregon Code, and the tax subsequently paid. * * *"

It will be observed that the statute exempts property "received by the decedent within one year prior to his death by inheritance, devise or bequest". The statute adds that the property exempt is such as "can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued in this state". Respondent, after directing attention to the facts that an inheritance tax is a tax on the right to receive as distinguished from a tax upon the property itself, and that the tax accrues upon the day of the death of the testator (§ 10-606, Oregon Code 1930), employs these two facts as the premise for a contention that the two deaths must occur within one year of each other before the right to exemption is established. It will be observed, however, that this construction assigns no effect whatever to the words "property received by the decedent within one year prior to his death by inheritance, devise or bequest" yet we believe that the words just quoted are among the most important of the act. The words "where the tax on such property shall within one year have been imposed and accrued" do not of necessity demand that the second death must have occurred within one year of the accrual of the tax. With equal reason it is permissible to infer that they require that the property must have been received by the second decedent within one year of the accrual of the tax. The executrix was entitled to possession of the real and personal property of the estate until some other disposition had been made of it by order of the court: Section 11-309, Oregon Code 1930; *Re Estate of McDermid,* 109 Or. 633 (222 P. 295); *Mahon v. Harney County National Bank,* 104 Or. 323 (206 P. 224); and, hence, Hannah Blagen did not receive the property which constituted the assets of her

husband's estate until the order of July 15, 1930. She died November 21, 1930. Hence, receipt of the property by Hannah Blagen, in so far as it means the right to enjoy it, and her death occurred within one year of each other. If the legislature had intended that the two deaths must occur within one year of each other in order to entitle the estate of the second decedent to exemption it could have so stated and would have avoided the language of section 10-604. In that section the legislature declared that the exemption arises whenever the property is "received by the decedent within one year prior to his death by inheritance, devise or bequest". Such being the rule, we are of the opinion that the objections of the State Treasurer to the final account of Florence Staiger, executrix, should have been overruled.

The order of the circuit court is reversed.

RAND, C. J., BEAN and KELLY, JJ., concur.

--------

Petition for rehearing granted and former opinion set aside and judgment appealed from affirmed

On REHEARING

(23 P. (2d) 917)

■ RAND, C. J. Since our former decision in *In re Blagen Estate,* a rehearing has been had and this matter is again before us for decision. In that decision we held, all the members of Department 1 concurring, that the exemption provided by section 10-604, Oregon Code 1930, applies to any property which had been received by the decedent within one year prior to his death by inheritance, devise or bequest

upon which an inheritance tax had been paid. That decision made the actual receipt of property by the second decedent within one year prior to his death by inheritance, devise or bequest, the sole test of exemption and gave no effect to the words immediately following in the statute, namely: "where such property can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued". This we now think was error.

The language of the statute is:

"There shall be allowed as a deduction from the value of the property subject to the taxes imposed by section 10-603, Oregon Code, an amount equal to the value of any property received by the decedent within one year prior to his death by inheritance, devise or bequest, where such property can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued in this state under sections 10-603 and 10-606, Oregon Code, and the tax subsequently paid. This deduction shall be allowed only in the amount of the value of the property as fixed and allowed as the basis of the tax in the estate of the prior decedent, and only as to taxes paid to the state of Oregon". Section 10-604, Oregon Code 1930.

Section 10-606, among other things, provides that:

"All taxes imposed by this act shall take effect at and accrue upon the death of the decedent, or donor, and shall be due and payable at the expiration of eight months from such death, except as otherwise provided in this act; * * *".

Under this latter section the inheritance tax provided in the act is imposed and accrues upon the death of the first decedent and, hence, under the admitted facts in this case, it was imposed and accrued upon the property devised by the first decedent at the time of

his death and this was more than one year before the death of the second decedent.

The power of exemption, as well as the power of taxation, is an essential element of sovereignty and can only be surrendered or diminished in plain and explicit terms and, since section 10-604 is a statute exempting property from taxation, it must be strictly construed. It clearly provides that there shall be deducted from the value of the property subject to the tax imposed under the act an amount equal to the value of any property received by the second decedent within one year prior to his death by inheritance, devise or bequest, where such property can be identified as having been so received and where the tax on such property shall, within one year, have been imposed and accrued and the tax subsequently paid. It is as essential under the provisions of this statute that the tax on property received by inheritance, devise or bequest shall have been imposed and accrued within one year prior to the second decedent's death as it is that the second decedent shall have received it within the year. The true meaning of the statute is plain and, unless all the conditions prescribed by the statute are shown to exist, the property is subject to taxation under the act. Our former decision gave effect only to a part of the requirements which must exist under the statute before the exemption can be granted and thereby failed to give effect to the true meaning and intent of the statute. In this there was error. For these reasons, our former decision must be overruled and set aside, and the judgment appealed from will be affirmed.

BAILEY, J., did not participate in this decision.

ROSSMAN, J., dissents.