[No. 26704. Department One. January 4, 1938.]

*In the Matter of the Estate of* AMY MCCULLOUGH, *Deceased.*

THE STATE OF WASHINGTON, *by William H. Pemberton, Supervisor of the State Inheritance Tax and Escheat Division, Appellant,* v. JAMES A. MCCULLOUGH *et al., as Executors, Respondents.*[1]

*William H. Pemberton* and *Charles Snyder,* for appellant.

*J. L. Corrigan,* for respondents.

SIMPSON, J.—This appeal is from an order of the superior court sustaining an objection to findings by the state of Washington, inheritance tax and escheat divi-

[1]Reported in 74 P. (2d) 877.

sion, fixing a tax upon the estate of Amy McCullough, which passed to decedent's children.

Amy McCullough, a resident of Seattle, Washington, died testate October 12, 1936, leaving an estate subject to probate appraised at $36,400.88. Her will, leaving all of her estate to her children, was admitted to probate on October 17, 1936. On April 13, 1937, the state filed its findings, fixing the tax due in the sum of $275.40. Objection to this finding was presented by the executors on the ground and for the reason that, by such findings, it is proposed to tax exempt property in the total sum of $17,586.23, which property was transferred to decedent not more than one year prior to her death by Nathaniel McCullough, husband of decedent, and a tax paid thereon to the state of Washington.

After a hearing upon the findings of the supervisor of the inheritance tax and escheat division of the state of Washington and the objections filed by the executors of the will of decedent, the court disapproved and disallowed such findings. The state appealed, urging that the trial court erred in allowing the exemption of the property previously taxed and in finding a tax due in any amount less than $275.40.

Nathaniel McCullough died September 27, 1935, his will being admitted to probate October 15, 1935. From his estate, Amy McCullough received the sum of $17,-586.23, upon which amount an inheritance tax was paid the state of Washington. No showing was made here that the assets of the estate have increased in value since the death of Nathaniel McCullough.

Appellant contends that, on the day of death, the property vests immediately; that, on such day, there is a transfer to the beneficiary, and that the two deaths must occur within one year of each other before the exemption may be allowed.

This appeal involves the interpretation of Rem. Rev.

Stat. (Sup.), § 11202-a [P. C. § 7030-168], which provides:

"All property transferred by a decedent to a father, mother, grandfather, grandmother, husband, wife, lineal descendant, stepchild, adopted child, or lineal descendant of a stepchild or adopted child: *Provided,* The same was transferred to such decedent not more than one year prior to his death by another decedent of the class hereinabove described and a tax paid thereon to the State of Washington, shall be exempt: *Provided,* That this exemption only applies to transfers upon which an inheritance tax was paid in the estate of the first decedent, and where the property so transferred and taxed has increased in value, shall be taxed.

"Property exempted under this section must be identified as having been received from the first decedent or as having been acquired in exchange therefor, and the value of such property so exempted shall not be in excess of the value determined for the estate of the first decedent." Laws of 1935, p. 780, § 108.

By this statute, the legislature intended to exempt from the inheritance tax transfers between members of the class designated, in which the beneficiary of a decedent's estate died within one year from the date of the first transfer, provided the tax was paid on the first transfer, the property involved has not increased in value, and is properly identified as the same received from the first decedent. The theory of the statute is that the same property should not be subjected to an inheritance tax twice within the same year that the first transfer was consummated.

Therefore, the question presented is narrowed to a consideration of whether or not the estate of Amy McCullough is entitled to an exemption under the aforementioned statute equal to the amount of her inheritance from the estate of Nathaniel McCullough.

To ascertain if the exemption claimed should be granted in this estate, it is necessary to determine from what date the one year period should be calcu-

lated. This, in turn, requires a construction of the term "transferred."

"The word 'transfer', in its literal meaning, is broader than assignment, and all the authorities agree in a definition which in effect covers any act by which the owner of anything delivers or conveys it to another with the intent to pass his rights therein. *Kramer v. Spradlin,* 98 S. E. 487, 488, 148 Ga. 805." 7 Words & Phrases (3d series) 579.

"It has been said that the word implies a writing, and delivery of possession; imports an obligation; includes all transactions whereby property of one person becomes that of another, whether by descent or purchase, every means or manner by which property can pass from the ownership and possession of another, and may be held to include the general methods by which title to property is passed or interest therein created; . . ." 63 C. J. 780, § 4.

In a recent case, *In re Blagen's Estate,* 144 Ore. 67, 6 P. (2d) 43, 18 P. (2d) 591, 23 P. (2d) 917, the supreme court of Oregon allowed the exemption even though a period in excess of one year had elapsed from the date of the death of the deceased, this exemption being allowed under the following Oregon statute:

"There shall be allowed as a deduction from the value of the property subject to the taxes imposed by section 10-603, Oregon Code, an amount equal to the value of any property received by the decedent within one year prior to his death by inheritance, devise or bequest, where such property can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued in this state under sections 10-603 and 10-606, Oregon Code and the tax subsequently paid. . . ." § 10-604, Oregon Code 1930.

Section 10-603 of the Oregon Code referred to relates to rates, and § 10-606 provides in part:

"All taxes imposed by this act shall take effect at and accrue upon the death of the decedent, or donor . . ."

The Washington statute is essentially the same:

"All taxes imposed by this act shall take effect and accrue upon the death of the decedent and donor . . ." Rem. Rev. Stat., § 11210 [P. C. § 7061].

In the *Blagen* case, *supra,* p. 74, the Oregon court said:

"The words 'where the tax on such property shall within one year have been imposed and accrued' do not of necessity demand that the second death must have occurred within one year of the accrual of the tax. With equal reason it is permissible to infer that they require that the property must have been received by the second decedent within one year of the accrual of the tax. The executrix was entitled to possession of the real and personal property of the estate until some other disposition had been made of it by order of the court: Section 11-309, Oregon Code 1930; *Re Estate of McDermid,* 109 Or. 633 (222 P. 295); *Mahon v. Harney County National Bank,* 104 Or. 323 (206 P. 224); and, hence, Hannah Blagen did not receive the property which constituted the assets of her husband's estate until the order of July 15, 1930. She died November 21, 1930. Hence, receipt of the property by Hannah Blagen, in so far as it means the right to enjoy it, and her death occurred within one year of each other. If the legislature had intended that the two deaths must occur within one year of each other in order to entitle the estate of the second decedent to exemption, it could have so stated and would have avoided the language of section 10-604. In that section the legislature declared that the exemption arises whenever the property is 'received by the decedent within one year prior to his death by inheritance, devise or bequest.' "

About the only difference between the Oregon and Washington statutes is that we use the word "transferred" and Oregon uses the word "received" in the exemption statute.

The word "receive" has been interpreted:

"To receive means to get by a transfer, as to receive a gift, to receive a letter, to receive money." Ballentine's Law Dictionary, 1093.

Webster's New International Dictionary (2d ed.), 2076, gives the following definition:

"To come into possession of, get, acquire, or the like, from any source outside of oneself."

In other words, to "receive" seems to imply the taking into actual possession of some object which may be real or personal property.

As a matter of fact, the results obtained in the statutes, using the words "received" and "transferred," are identical.

It seems to us, as it did to the Oregon court, that, had the legislature intended to allow the exemption only in cases in which the death of both parties occurred within the year, it would have so provided. It chose, however, to make the date of transfer the date from which the one year period begins to run. We regard the term "transfer," as used, to mean the date when the heir or devisee receives the actual enjoyment and possession of the property.

We are not unmindful of the fact that the Oregon supreme court, on a rehearing *En Banc* (144 Ore. 75, 23 P. (2d) 917), overruled its former decision in the *Blagen* case, *supra,* pointing out that the decision in the department made the actual receipt of the property by the second decedent, within one year prior to her death, by inheritance the sole test of the exemption, but gave no effect to the words immediately following in the statute, namely:

" '. . . where such property can be identified as having been so received, and where the tax on such property shall within one year have been imposed and accrued.' "

The court did not repudiate its reasoning in the original opinion, but decided that it would have to be overruled because the property in the estate was not properly identified.

Conceding that the property exempted from the inheritance tax under Rem. Rev. Stat. (Sup.), § 11202-a, must be identified, and since no question was raised in regard to the identification of the property involved, it must be presumed that the same was identified as required by statute. Therefore, the decision announced in the *Blagen* case, *supra,* is properly applicable to the case at bar.

We are in accord with the reasoning and conclusion of the Oregon court in each of the opinions to which we have just referred.

The fact that title to the property may vest at a particular time, is not material either. Possession may or may not be had at the time the estate vests in the beneficiary. In those estates in which probate is not necessary, it is not unlikely that the beneficiary would enjoy possession at an early date, but in the event the estate is probated, possession of the property would be deferred during the time required to conclude the probate proceedings.

We are of the opinion that the exemption was properly allowed.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.