Argued December 13, 1949; affirmed January 4, 1950

## BROWN ET AL. v. HARRIS AND GREGORY

### 213 P. (2d) 176

*Orval N. Thompson,* of Albany, argued the cause for appellant. On the briefs were Weatherford & Thompson, of Albany.

*Melvin Goode,* of Albany, argued the cause for respondents. On the brief were Goode & Johns, of Albany.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN and BAILEY, Justices.

BELT, J.

This is an appeal from an order granting a new trial as to the defendant, H. C. Gregory, the appellant herein. Plaintiffs, who were co-partners engaged in the automobile business, commenced an action against both defendants to recover damages for breach of a contract arising out of the sale of an automobile. The cause was submitted to the jury and a verdict returned in favor of both defendants. Based on this verdict, the court on June 3, 1948, entered a judgment dismissing plaintiffs' complaint and assessing costs and disbursements against the plaintiffs in favor of both defendants. On the following day the plaintiffs moved for a new trial for the reason that there was no evidence to support the judgment in favor of the defendant Gregory. On June 6, 1948, plaintiffs paid in full the judgment for costs and disbursements in favor of the defendant Gregory, and on the following day satisfaction of such judgment was entered on the Lien Docket. On the 28th day of July, 1948, the court granted the motion for a new trial as to the defendant Gregory.

■■ The sole question presented here is whether the plaintiffs lost or waived their right to move for a new trial by reason of their having paid the judgment for costs and disbursements. It is well settled in this jurisdiction and elsewhere that when a judgment or decree is rendered against a party, his payment of the sum awarded will not preclude him from maintaining an appeal unless it satisfactorily appears that the payment was not coerced and was made with the view of settlement. *Lewis v. Shook,* 182 Or. 483, 188 P.(2d) 148, wherein numerous decisions from this court have been cited. *Fritz v. Fritz,* 179 Or. 612, 174 P. (2d) 169, also declares the same rule. Costs and disbursements are merely incidental to the judgment dismissing the action. We have found no authorities, and none has been cited, wherein a party against whom a judgment for costs and disbursements has been awarded has been precluded from having a new trial by reason of satisfaction of such judgment.

Appellant has cited the early case of *Moore v. Floyd,* 4 Or. 260. In that case Floyd paid in full the amount of the judgment and costs and disbursements rendered against him, and the satisfaction thereof was duly noted by Moore. It was held that Moore waived his right to appeal when he accepted the full amount of the judgment, including costs and disbursements. We see no analogy between that case and the one at bar. In the instant case the judgment is not a "dead record."

■ It is conceded that if execution had been issued to satisfy the judgment for costs and disbursements, the plaintiffs would not thereby have lost their right of a new trial. *Heider v. Unicume,* 142 Or. 410, 14 P. (2d) 456, 20 P. (2d) 384. We see no difference in principle

between that case and one wherein there is the likelihood of the issuance of an execution. The "gun" was pointed in the direction of the plaintiffs, but it had not been fired. We conclude that there has been no voluntary payment made with the view of settlement of the controversy. There is nothing in the record to indicate any intention of the plaintiffs to waive their objection to the ruling of the court dismissing their complaint. In *Hayes v. Nourse,* 107 N. Y. 577, 14 N. E. 508, 1 Am. St. Rep. 891, it is said:

"* * * it must be deemed too well settled by authority to require further discussion, that a party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal."

The order setting aside the judgment and allowing a new trial as to the defendant Gregory is affirmed. Plaintiffs are entitled to costs and disbursements.