Motion to dismiss appeal submitted March 19, allowed May 16, 1951

COTTRELL ET UX. *v.* PRIER ET UX.
231 P. 2d 788

*George E. Birnie,* of Portland, for the motion.

*Donald H. Joyce,* of Portland, contra.

PER CURIAM.

This is a motion to dismiss an appeal. One ground of the motion, and the only one that needs to be considered, is that appellants have waived their right of appeal by accepting the benefits of the decree.

The suit is one in which the respondents, as vendees under a contract for the sale of realty, together with some personal property, obtained a decree of specific performance against the appellants. The decree, which was entered December 8, 1950, ordered the appellants to execute and deliver to the respondents their warranty deed conveying title to the real property in question and also to execute and deliver certain other instruments including a bill of sale to personal property agreed to be sold as part of the transaction. Simultaneously with the delivery of these instruments it

was ordered that the respondents pay to the appellants "the balance of the contract price, to wit, $15,000.00, as increased or reduced by adjustments for taxes and insurance premiums as of September 28, 1947." The decree further provided that the respondents recover from the appellants the sum of $4,400.00 as damages for loss of use of the property, such sum to be deducted from the balance of the purchase price.

On December 28, 1950, appellants delivered to respondents the deed of conveyance and other instruments, as ordered in the decree, and received payment of the balance of the purchase price less the damages awarded by the court. On February 5, 1951, appellants served notice of appeal from the decree on the respondents.

■ The rule in this state is that, when a judgment or decree is rendered against a party, his payment of the sum awarded will not preclude him from maintaining an appeal unless it satisfactorily appears that the payment was voluntary, not coerced, and was made with the view of settlement. *Brown v. Harris and Gregory,* 187 Or. 658, 660, 213 P. 2d 176; *Fritz v. Fritz,* 179 Or. 612, 617, 174 P. 2d 169, and Oregon cases there cited. The reason underlying this rule is that unless the undertaking on appeal stipulates for the payment of the judgment if affirmed, the respondent, notwithstanding the appeal, could enforce it, and the payment is regarded as simply another mode of effecting the purpose of such undertaking. *Staiger v. Holman,* 144 Or. 67, 69, 6 P. 2d 43, 18 P. 2d 591, 23 P. 2d 917.

■ In *Coker & Bellamy v. Richey,* 108 Or. 479, 482, 217 P. 638, this court approved the following "comprehensive statement" from *Brumagim v. Tillinghast,* 18

Cal. 265, 79 Am. Dec. 176, of the rule for determining whether a given payment is voluntary or involuntary:

"It may be said in general that there must be actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting or receiving the payment, over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money."

Our statute relating to the undertaking on appeal and stay of proceedings provides in part:

"When the decree appealed from requires the execution of a conveyance or other instrument, execution of the decree is not stayed by the appeal, unless the instrument is executed and deposited with the clerk within the time allowed to file the undertaking, to abide the decree of the appellate court." § 10-804 (4), O.C.L.A.

Instead of following the statutory procedure which would have stayed enforcement of the decree, appellants elected to deliver the deed and other instruments to the respondents themselves and to accept from them the balance of the purchase price as decreed by the court. That is to say, they chose by this means to take the benefit of that portion of the decree favorable to themselves at the same time that they carried out the order of the court requiring them to execute the deed and the other instruments in question. In view of the course open to them under the statute, it cannot be said that the course which they actually took was coerced. They had "other means of immediate relief" from threatened exercise of power by respondents. *Coker & Bellamy v. Richey,* supra. It was a purely voluntary compliance with the terms of the decree, evidently done for the purpose of enabling the appel-

lants to collect and have the use of the balance of the purchase price. This court early in its history held: "The right to proceed on the judgment and enjoy its fruits, and the right of appeal, are not concurrent; on the contrary, they are totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other." *Moore v. Floyd,* 4 Or. 260. See, also, *West v. Broadwell,* 124 Or. 652, 265 P. 783. A closely parallel case is *Cranford v. Hodges,* 141 Ark. 587, 218 S.W. 185. There the court ordered cancellation of a deed to a Mrs. Pearce, one of the parties to the litigation, and that the sum of $1600.00, representing the amount of purchase money unpaid, be paid into the registry of the court for her benefit. She drew down the money, at the same time executing an instrument intended to preserve her right to appeal by agreeing to return the money to the clerk in the event that the decree should be reversed. Afterwards she attempted to appeal from the decree. The court dismissed her appeal because her action was inconsistent with her right of appeal. The court said that the use of the money pending the appeal was "itself a benefit and one which Mrs. Pearce has the right to enjoy only because her deed was canceled, and it is inconsistent for her to enjoy the use of money to which she is only entitled because her deed has been canceled and, while using the money thus obtained, prosecute a suit to reverse the very decree under which that right is enjoyed."

While the general rule is that execution and delivery of a deed pursuant to order of the court "to avoid its compulsory enforcement by pending or threatened execution, contempt proceedings, or otherwise, is not voluntary within the rule that a voluntary

payment, performance, or satisfaction bars an appeal'':
3 C.J., Appeal and Error, 678, § 550; *O'Hara v. Mac-Connell*, 93 U. S. 150, 23 L. ed. 840, this rule cannot
be applied in the circumstances of this case, particularly
in view of the statute to which we have called attention.

The appeal is dismissed.