MILLER et ux, *Appellants,*

*v.*

FERNLEY et al, *Respondents.*

(No. 416-529, SC 24655)

570 P2d 1178

Charles C. Erwin, of Erwin, Lamb & Erwin, P.C., Portland, argued the cause and filed a brief for appellants.

James H. Bean, Portland, argued the cause and filed a brief for respondent Fernley.

Maurice Sussman, Portland, argued the cause and filed a brief for respondent Valentine.

Before Denecke, Chief Justice, Tongue and Bryson, Justices, and Gillette, Justice Pro Tempore.

BRYSON, J.

**BRYSON, J.**

Plaintiffs brought this suit to foreclose a land sale contract involving the sale of commercial rental property. The trial court, in entering its decree, denied foreclosure to plaintiffs and denied attorney fees to all parties. Plaintiffs appeal.[1]

The evidence reveals the following relevant facts. Mr. Hodes, fee simple title owner of the property and not a party to this suit, sold the property to the Millers, plaintiffs herein, under a land sale contract. Plaintiffs sold their interest therein to Bohlmann under a separate land sale contract (not by assignment of the Hodes-Miller contract). Plaintiffs remained liable to Hodes under the original contract. Bohlmann assigned his contract with plaintiffs to defendant Fernley. Fernley sold his interest to defendant Valentine under another separate land sale contract. At all times herein involved, fee title remained in Hodes.

Under the above various contracts and assignments received in evidence, the parties were to make the following required payments: Valentine to pay Fernley, Fernley to pay the Millers, and Millers to pay Hodes. In addition, each purchaser or assignee was obligated by contract to pay the taxes. Fernley broke this chain of payment and breached his contract when he failed to pay taxes due on and after November 15, 1971, and stopped making monthly payments to the Millers in October 1973. Valentine, the last purchaser in the chain and the party in possession of the property, was not notified of Fernley's breach until the Millers filed this suit in May 1975. This was after Valentine made her May monthly payment to Fernley. Thereafter, Valentine made her contract payments with Fernley into a private account pending determination by the court and subsequently paid the sum of $7,800 into court.

---

[1] Plaintiffs Miller and defendants Fernley and Valentine were the only parties that made an appearance at trial and are the only parties involved in this appeal.

Plaintiffs invoked the acceleration clause of their contract with Bohlmann, which had been assigned to Fernley, and brought this suit for strict foreclosure and to recover attorney fees, as provided in the contract.

The trial court decreed as follows:

"1. That plaintiffs' prayer for strict foreclosure is denied.

"2. That defendant Dean Fernley shall forthwith assign to defendant Virginia M. Valentine the Miller-Bohlman[n] contract.

"3. That defendant Virginia M. Valentine shall pay to plaintiffs the sum of $27,582.68, the amount plaintiffs paid to Stanley Hodes pursuant to the terms of the Hodes-Miller contract subsequent to September 15, 1973 and the taxes paid by them on the subject property, which sum includes interest on said payments through June 30, 1976, together with interest on said sum of $27,582.68 at the rate of 7% per annum from July 1, 1976, to be paid as follows:

"(a) the sum of $7,800.00 (the amount withheld by defendant Virginia M. Valentine in payments payable under the Fernley-Valentine contract) within 20 days of the date of this decree.

"(b) The balance to be paid on or before July 1, 1977.

"4. That plaintiffs shall forthwith assign to defendant Virginia M. Valentine the Hodes-Miller contract, the defendant Valentine obtaining from Stanley Hodes the consent for said assignment and the release of the plaintiffs from any obligations and liability under said contract; that in event plaintiffs shall fail to forthwith make such assignment this decree shall operate to assign the interest of the plaintiffs in said Hodes-Miller contract to the defendant Valentine.

"5. That plaintiffs are hereby granted a lien on the subject property as security for payment of said sum of $27,582.68 together with interest thereon as above provided to be paid by defendant Virginia M. Valentine, which lien shall be superior to all liens and encumbrances thereon and subject only to the prior rights of the vendors in the Hodes-Miller contract.

[ 336 ]

"6. That no attorneys fees or costs are allowed to any of the parties."

Under the trial court's decree, plaintiffs recover their out-of-pocket losses; that is, their payments and interest thereon to Hodes and their payment of taxes. They have already received their profit on their sale to Bohlmann, which they accomplished by a separate land sale contract. Under the decree, plaintiffs are also released from any further liability.[2]

Although other issues were discussed in the briefs, plaintiffs admitted during argument that their only issue was their right to recover attorney fees. The Miller-Bohlmann-Fernley contract provides:

"In case suit or action is instituted to foreclose this contract or to enforce any provision hereof, the buyer agrees to pay such sum as the court may adjudge reasonable as attorney's fees to be allowed plaintiff in said suit or action, and if an appeal is taken from any judgment or decree of the trial court, the buyer further promises to pay such sum as the appellate court shall adjudge reasonable as plaintiff's attorney's fees on such appeal."

Defendant Fernley, as assignee. assumed the burden of this provision since he accepted the benefits of the contract. *Hodges v. Servine,* 211 Or 428, 437-38, 316 P2d 312 (1957). However, the trial court refused to award attorney fees, saying:

"With reference to defendant Fernley, in view of his offer to assign his interest in the matter to defendant Valentine, I felt that he should not be further penalized, so I assessed no further attorney's fees in that area."

An agreement to pay reasonable attorney fees is not a penalty, but is enforceable at law and in equity. *Parks v. Smith,* 94 Or 300, 305, 186 P 552 (1920). The determination of the amount of attorney fees is left to the sound discretion of the court. *Slocum v. Harder,* 275 Or 725, 729, 553 P2d 349 (1976); *Earls v. Clarke,*

---

[2] Although not a party, Hodes, by separate agreement, has released plaintiffs Miller on the Hodes-Miller contract and accepted Valentine as assignee.

223 Or 527, 532, 355 P2d 213 (1960). However, where the suit was necessitated by defendant Fernley's breach, and where the plaintiff is guilty of no inequitable conduct with respect to that defendant, it is an abuse of discretion to deny any recovery of attorney fees. This is not to say that any denial of attorney fees would always be an abuse of discretion. But in this case, we are of the opinion that attorney fees should have been awarded against defendant Fernley.

Plaintiffs may not recover attorney fees from defendant Valentine because she was not privy to the contract with Millers. *Prince v. Dierks,* 244 Or 145, 158, 416 P2d 318 (1966). On remand, the circuit court should determine plaintiffs' reasonable attorney fees and assess them only against defendant Fernley personally and not as a lien on the property here involved.[3]

---

[3] We note that at the conclusion of the case, May 4, 1976, the court requested the respective parties to submit proposed forms of decree and summaries on payments made and amounts due. It is apparent from the record that the parties were attempting to reach a settlement in this case with the assistance of the court, and it would appear that the matter was settled by the parties with the entry of the decree.

After the proposed forms of decree and information were submitted to the trial judge, the court, on June 25, 1976, wrote to the parties advising:

"In response to your letter of June 16, please be advised that I will approve a Decree in the form suggested by your proposed Decree B, with the following amendments:

"* * * * *. [A larger payment by Valentine to plaintiffs.]

"In all other respects the Decree is approved, and I would request that the necessary assignments be prepared as early as possible. The Decree will be signed when the assignments are completed." The court's decree was signed on July 26, 1976.

On July 14, 1976, defendant Fernley gave a quitclaim deed to the property here involved to defendant Valentine and assigned his interest in the Miller-Bohlmann-Fernley contract to defendant Valentine. Defendant Valentine also paid $7,800 into the court registry, as decreed by the trial court. At page 153 of the trial court file there is an
"AGREEMENT
CONSENT TO ASSIGNMENT OF CONTRACT
ASSIGNMENT OF CONTRACT
MODIFICATION OF CONTRACT"
dated the 15th day of July, 1976, and signed by the fee simple owners,

 Finally, defendant Valentine requests this court to grant her additional time to arrange financing in order to pay plaintiffs the balance due. In addition, defendant Valentine requests that plaintiffs recover no interest on the sum of $7,800 from the time she paid said sum to the court, as required by the trial court's decree. Based on the evidence in this case, we are of the opinion that both requests are equitable and reasonable and they are hereby granted. Defendant Valentine is given 90 days from the date of the order entering the mandate of this court in the Multnomah County records to comply with the decree. The case is remanded to the trial court to enter a decree in accordance with this opinion. In all other respects the decree of the trial court is affirmed. Costs are allowed to plaintiffs against defendant Fernley but no costs are allowed against defendant Valentine.

Affirmed in part; reversed in part and remanded.

Hodes, and plaintiffs Dolores V. Miller and David L. Miller, wherein Millers assign their interest in the contract with Hodes to defendant Virginia Valentine, and Hodes accepts the assignment and defendant Valentine as the assignee. The signatures of David L. and Dolores V. Miller to this document were acknowledged on August 18, 1976, and recorded in the deed records of Multnomah County. This appeal was filed August 23, 1976.

From this it is apparent that all of the parties, as contemplated by the court, executed these instruments in compliance with the decree of the court *and with the view of settlement.* None of the above was called to our attention in the briefs or at the time of argument. In *Diesel Service Unit v. Bonbright,* 276 Or 417, 555 P2d 452 (1976), we stated, at 421-22:

"When a judgment or decree is entered against a party, the payment or compliance therewith will not preclude the party from maintaining an appeal unless it satisfactorily appears that the payment or compliance was voluntary, not coerced, and made with the view of settlement. *Housley et ux v. Linnton Plywood Ass'n.,* 210 Or 520, 525, 311 P2d 432 (1957); *Cottrell et ux v. Prier et ux,* 191 Or 571, 231 P2d 788 (1951)."

Neither of the defendants filed a motion with this court for an order dismissing the plaintiffs' appeal, and we are reluctant to do so sua sponte. Nevertheless, it is apparent that the only real purpose in this appeal is the matter of attorney fees.