Argued and submitted March 16, supplemental general judgment denying
plaintiffs' attorney fees reversed and remanded;
otherwise affirmed May 2, 2007

## Michelina Mary LEMARGIE
### and Joel Rosano Alvarez,
*Plaintiffs-Appellants,*

*v.*

## W. Norman JOHNSON,
*Defendant-Respondent.*

### Marion County Circuit Court
### 04C15835; A130357

157 P3d 1284

J. Michael Alexander argued the cause for appellants. With him on the briefs was Swanson, Lathen, Alexander & McCann, PC.

Gina A. Johnnie argued the cause for respondent. With her on the brief was Sherman, Sherman, Johnnie & Hoyt, LLP.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

WOLLHEIM, J.

---

* Sercombe, J., *vice* Riggs, S. J.

**WOLLHEIM, J.**

Plaintiffs appeal a supplemental general judgment denying their claim for attorney fees as the prevailing party on defendant's counterclaim for maintenance of an easement, pursuant to ORS 105.175 and ORS 105.180. Plaintiffs argue that, under ORS 105.180(2), the trial court was required to award attorney fees to the prevailing party. We agree with plaintiffs. Accordingly, we reverse and remand.

The underlying dispute concerns an easement between two neighboring homeowners. Each party brought numerous claims or counterclaims against the other. The facts of those claims are not relevant to the matter at hand. The lone issue before us is whether plaintiffs are entitled to an award of attorney fees as the prevailing party on defendant's second counterclaim.[1]

The relevant facts are as follows. Defendant brought his second counterclaim for maintenance of an easement under ORS 105.175.[2] The trial court found that a valid and enforceable, albeit ambiguous, easement existed. Additionally, the trial court found that the easement was appurtenant to both plaintiffs' and defendant's properties. Finally, the trial court found that defendant failed to prove damages with reasonable certainty. Because defendant did not prevail on his second counterclaim, the trial court designated plaintiffs as the prevailing party on that claim, but did not award plaintiffs any attorney fees.

We review a trial court's decision concerning entitlement to attorney fees as a matter of law. *Morgan v. Goodsell*, 198 Or App 385, 390, 108 P3d 612 (2005). ORS 105.180(2) provides that "[t]he prevailing party *shall* recover all court

---

[1] At trial, defendant prevailed on his first and third counterclaims, also brought under ORS 105.175. Pursuant to ORS 105.180(2), the trial court awarded damages to defendant in the amount of $1,050 and approved defendant's recovery of costs ($372) and attorney fees ($25,000), plus interest, on those claims.

[2] ORS 105.175(2) provides:

"The cost of maintaining the easement in repair in the absence of an agreement and in the absence of maintenance provisions in a recorded instrument creating the easement shall be shared by each holder of an interest in the easement in proportion to the use made of the easement by each holder of an interest in the easement."

costs, arbitration fees and attorney fees" in an action for failure to comply with the duty of an easement holder brought under ORS 105.175. (Emphasis added.)

Plaintiffs contend that ORS 105.180(2) mandates an award of attorney fees to the prevailing party. They argue that, because they are the prevailing party on defendant's second counterclaim,[3] the trial court erred, as a matter of law, when it denied their petition for the recovery of attorney fees.

Defendant, on the other hand, characterizes the trial court's denial of plaintiffs' attorney fees in its judgment as a reasonable award of zero dollars based on plaintiffs' conduct. The record simply does not support defendant's characterization of the ruling.

▮▮ In order to resolve this dispute, we must interpret ORS 105.180(2). In construing a statute, we employ the template for statutory interpretation detailed in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). The first level of analysis requires us to examine the text and context of the statutory provision, giving words of common usage their plain, natural, and ordinary meaning. *Id.* If that analysis reveals the intent of the legislature, then our inquiry is complete. *Id.* at 611.

ORS 105.180(2) provides that the prevailing party on a claim under ORS 105.175 "shall" recover attorney fees. " 'Shall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.' " *Preble v. Dept. of*

---

[3] Under ORS 20.077, there can be more than one prevailing party in actions that involve multiple claims or counterclaims as in the present matter. ORS 20.077(2) provides, in part:

"For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

"* * * * *

"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees * * *."

*Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) (citing *Webster's Third New Int'l Dictionary* 2085 (unabridged ed 1993)).[4] ORS 105.180(2) means what it says. There is no ambiguity. The award of attorney fees to the prevailing party on a claim brought under ORS 105.175 is mandatory pursuant to ORS 105.180(2).

Defendant contends that, even though "an award of attorney fees is 'mandatory' under ORS 105.180(2), the Oregon Supreme Court has said that '[t]his is not to say that any denial of attorney fees would always be an abuse of discretion.' " *Miller v. Fernley*, 280 Or 333, 338, 570 P2d 1178 (1977). Defendant's reliance on *Miller* is misplaced. In *Miller*, the court interpreted an attorney fees provision that was created by contract and not by any statute. Here, we are interpreting ORS 105.180(2) in which the legislature has removed any discretion that a trial court might otherwise have by requiring that a prevailing party shall recover attorney fees.

Here, plaintiffs are the prevailing party on a claim arising under ORS 105.175. As such, plaintiffs are statutorily entitled to an award of attorney fees pursuant to ORS 105.180(2). Accordingly, as a matter of law, the trial court erred in denying plaintiffs' recovery of attorney fees.[5]

Supplemental general judgment denying plaintiffs' claim for attorney fees reversed and remanded; otherwise affirmed.

---

[4] The definition of "shall" in the 2002 edition of *Webster's* is identical to the definition used by the court in *Preble*, which relied upon the 1993 edition. *Webster's Third New Int'l Dictionary* 2085 (unabridged ed 2002).

[5] On remand, the trial court will determine the amount of attorney fees to be awarded.