Argued and submitted November 16, 2018, affirmed January 29, 2020

In the Matter of the Marriage of

Jordan SCHNITZER,
aka Jordan Director Schnitzer
*Petitioner-Respondent,*

*and*

Mina Morvai SCHNITZER,
*Respondent-Appellant.*

Multnomah County Circuit Court
051071213

HARSCH INVESTMENT PROPERTIES
MANAGEMENT, LLC,
*Plaintiff,*

*v.*

Mina Morvai SCHNITZER,
Trustee of the Mina Morvai Schnitzer Living Trust,
*Defendant.*

Multnomah County Circuit Court
051071213

A163378

459 P3d 897

In this supplemental dissolution proceeding, wife sought to determine the boundaries of property awarded to her in the dissolution judgment. Wife appeals from a second supplemental judgment awarding husband his attorney fees. She contends that the trial court misinterpreted and misapplied the parties' stipulated dissolution judgment, which provided that the "predominately prevailing party (as determined by the Court)" shall be entitled to attorney fees in any post-judgment dispute to enforce the judgment. *Held*: Under the parties' stipulated dissolution judgment, which gave the trial court discretion to determine who was the predominately prevailing party, the trial court had authority to determine who prevailed by evaluating the relief a party obtained in light of the relief requested. The trial court made that evaluation and did not abuse its discretion in determining that husband predominately prevailed.

Affirmed.

Katherine E. Tennyson, Judge.

Thomas M. Christ argued the cause for appellant. Also on the opening brief were Julie A. Smith and Cosgrave

Vergeer Kester LLP. Also on the reply brief was Sussman Shank LLP.

Christopher P. Koback argued the cause for respondent. Also on the brief was Hathaway Larson LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

In this supplemental dissolution proceeding brought pursuant to ORS 107.104 (action for enforcement of stipulated judgment) and ORS 107.452 (reopening of dissolution judgment when significant assets are discovered after entry of judgment), wife appeals a second supplemental judgment awarding husband his attorney fees, contending that the trial court misinterpreted and misapplied an attorney-fee provision in the parties' stipulated dissolution judgment. We conclude that the trial court did not err or abuse its discretion in awarding husband fees, and therefore affirm.

The underlying facts are relatively straightforward and undisputed. Under the parties' stipulated judgment of dissolution, wife was awarded husband's one-half interest in their marital residence (the subject property). Husband transferred his one-half interest to wife. Subsequently, wife believed that husband, who owns two of three neighboring properties, and Harsch Investment Properties Management, LLC (husband's wholly owned business), which owns the third neighboring property, were claiming interests in three strips of land (referred to by the parties as the tennis strip, the Northwood "strip,"[1] and the fence strip) that wife believed were a part of the subject property. Wife believed that husband's and Harsch's claims to those strips had been resolved through mediation and that the strips were awarded to wife in the stipulated judgment. She brought this proceeding, initially as a motion and order to show cause why husband should not be held in contempt and in breach of contract, and then as a motion to enforce the stipulated judgment and to clarify the property's boundaries. She also asserted that, in claiming interests in the strips, husband had breached the parties' agreement memorialized in the stipulated judgment.

Husband and Harsch denied wife's contentions. Harsch filed a separate quiet-title action against wife, asserting that its predecessors (the former owners of the

_____

[1] Although the dispute with respect to the Northwood property relates to a retaining wall that encroached onto the subject property, and not to a "strip," *per se*, for ease of reference we nonetheless refer to the Northwood dispute as relating to the Northwood "strip."

neighboring property owned by Harsch) had acquired the fence strip through adverse possession. That proceeding was joined with the proceeding on wife's motion. Wife then added an assertion that if, as alleged by Harsch, Harsch owned the fence strip by adverse possession, then wife had acquired a prescriptive easement over the strip.

On the parties' cross-motions for summary judgment, the trial court agreed with wife that the tennis strip, to which husband held title, should be considered as a part of the subject property, and the supplemental judgment declared wife to be the owner of that parcel. With respect to the Northwood "strip," the court determined that a retaining wall encroached on the subject property. The supplemental judgment directed that husband was not required to remove the wall, but ordered him to pay wife $28,000 as compensation for the encroachment. The court concluded that the fence strip had been adversely possessed by Harsch's predecessors, was owned by Harsch, and was not subject to a prescriptive easement; thus, despite its inclusion in the real property description of the subject property, the fence strip was not part of the subject property. The court granted Harsch's motion for summary judgment on its quiet-title action, and also granted husband's motion for summary judgment on wife's action for breach of contract. The supplemental judgment decreed that wife owned the property deeded to her by husband with the exception of the fence strip.

Wife appealed, seeking to overturn the trial court's rulings with respect to the fence strip, and husband cross-appealed with respect to the tennis strip. We affirmed the trial court's judgment without opinion. *Harsch Investment Properties Management, LLC v. Schnitzer / Schnitzer and Schnitzer*, 288 Or App 702, 406 P3d 239 (2017).

The parties' dissolution judgment included an attorney-fee provision that provides that, in any post-judgment dispute to enforce the judgment, "the predominately prevailing party (as determined by the Court) shall * * * be entitled to recover his or her reasonable attorney fees * * * as fixed by the Court or Courts in which the * * * proceeding is tried, heard, or decided." Both husband and wife petitioned the trial court for attorney fees. The trial court

determined that husband was the "predominately prevailing party" and, in a second supplemental judgment, now on appeal, awarded him his full requested fee.

In determining that husband had "predominately prevailed" in the action, the court explained that it had rejected wife's contention that properties had been concealed by husband; rather, the court found that the parties' mutual mistakes had led to a deed description for the subject property that did not accurately describe its boundaries. The court found that wife's contentions with regard to the fence strip, on which husband had prevailed, had been the primary focus of the litigation. And the court further explained that, in resolving wife's contentions relating to the tennis and Northwood strips, the court had largely adopted husband's proposed resolutions.[2] The court stated that it would treat the entire action as, essentially, "one subject, with three parts." The court then determined that husband had predominately prevailed, because he had prevailed on the issue of highest priority to the parties—the fence strip.[3] The court awarded husband the full amount of his requested fees.

On appeal, wife raises several assignments of error relating to the award of attorney fees. We write to address only wife's contention that the trial court erred in determining that husband was the "predominately prevailing

---

[2] The court wrote in its letter opinion to the parties:

"2) Throughout this litigation, it was abundantly apparent that the single most important issue to the parties was the 'fence strip' boundary. That boundary started the overall controversy about the actual property lines. There is no doubt that [husband] was the predominant [sic] prevailing party as it relates to the fence strip.

"3) To a large extent, it was [husband] who solved the mutual mistake related to the 'tennis court strip' portion of this litigation by suggesting a remedy that the Court essentially adopted.

"4) The fact that there was [a] problem with the retaining wall on the Northwood Boundary was never really in dispute. The only issue in dispute was the remedy. [Husband's] suggested remedy was adopted by the Court."

[3] The court wrote:

"The Court finds that [husband] is the predominantly [sic] prevailing party in this action. The crux of this dispute was the Fence Strip. The boundaries of [wife's] property needed to be resolved on the other two sides. However, [husband's] approach as to those two sides was more solution-based rather than litigious. Indeed, the Court essentially adopted [husband's] proposed resolutions to both of those property boundary lines."

party" within the meaning of the parties' stipulation. Wife contends that the trial court erred in viewing the litigation as involving a single subject; rather, wife contends, each of wife's contentions with regard to each of the disputed strips constituted a separate request for affirmative relief and, thus, a separate claim. *See Ellison v. Dept. of Rev.*, 362 Or 148, 166 n 20, 404 P3d 933 (2017) (affirmative request for relief in valuation of property constitutes a claim); *Migis v. AutoZone, Inc.*, 282 Or App 774, 810, 387 P3d 381 (2016), *adh'd to on recons*, 286 Or App 357, 396 P3d 309, *rev den*, 362 Or 300 (2017) (treating separate wage-claim violations as separate claims).

Wife then argues, citing the dictionary, *Webster's Third New Int'l Dictionary* 1786 (unabridged ed 2002) (defining predominate as "to hold advantage in numbers or quantity : PREPONDERATE"), that to "predominately" prevail means not, as the trial court apparently concluded, to prevail in the overall litigation, but to receive a favorable judgment as to the *greater number* of claims. Here, wife asserts, she prevailed on two of her three claims and she is the party in whose favor judgment was entered; she thus prevailed predominately. In the alternative, wife contends that, if there is no predominately prevailing party, she should recover attorney fees on those claims on which she did prevail.

Husband responds that the parties' attorney-fee provision makes clear the parties' intention that, in any proceeding to enforce a stipulated judgment, there should be a single prevailing party. That intention is supported by the text of the attorney-fee provision, which awards fees to "*the* predominately prevailing party." (Emphasis added.) Here, husband contends, although wife obtained some relief under the judgment, the court in its discretion could nonetheless determine that husband predominately prevailed, because husband prevailed on the issues that were of primary importance to the parties.

As an initial matter, we conclude that, by stating that fees would be awarded to "the predominately prevailing party," the parties expressed the intention that fees would be awarded to a single prevailing party, and would not, as permitted by ORS 20.077, be awarded on a claim-by-claim

basis.[4] In other words, even if more than one party prevailed on issues, only the predominately prevailing party would be entitled to fees.

The question then becomes what it means to *predominately* prevail. Wife's view, that the term describes the quantity, not the quality, of the success, is supported by one dictionary definition of "predominate" and is one way of understanding the provision. Under wife's view, the trial court's function in determining who predominately prevailed would be simply to count the number of claims and award fees to the party who prevailed on the greater number.

But there are other definitions. For example, "predominate" also means "to exert controlling power or influence : exercise superiority (as in strength or authority) : GOVERN, PREVAIL, RULE." *Webster's* at 1786. And the dictionary lists "predominate" as a synonym for "predominant," which the dictionary defines as "holding in ascendency : having superior strength, influence, authority, or position : CONTROLLING, DOMINATING, PREVAILING." *Id.*

_____

[4] ORS 20.077 provides:

"(1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

"(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

"(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

Under ORS 20.077(2), a "prevailing party" is "the party who receives a favorable judgment on *** the claim," and attorney fees may be awarded on a claim-by-claim basis. *Lemargie v. Johnson*, 212 Or App 451, 454 n 3, 157 P3d 1284 (2007) ("Under ORS 20.077, there can be more than one prevailing party in actions that involve multiple claims or counterclaims[.]").

As the Supreme Court said in *State v. Cloutier*, 351 Or 68, 96, 261 P3d 1234 (2011), dictionary definitions \*\*\* "do not tell us what words mean, only what words *can* mean, depending on their context and the particular manner in which they are used." We need not decide here whether wife's separate contentions with regard to the subject property's boundaries constituted separate claims. Even assuming that they did, in the particular context in which the term "predominate" is used here, we conclude that the term is better understood to have a meaning that does not constrain the court to award attorney fees only to the party who prevailed on the greater number of claims. If the parties had intended that fees would be awarded simply based on the number of claims on which a party prevailed, there would have been no reason to leave the determination of the predominately prevailing party to the trial court's discretion. Because the parties did give that discretion to the court, we conclude that the trial court had authority under the attorney-fee provision to determine who prevailed by evaluating the relief a party obtained in light of the relief requested. Here, the court made that evaluation and did not abuse its discretion in determining that, even though wife had obtained a judgment in her favor, husband predominately prevailed.

Affirmed.