Submitted on briefs April 10, affirmed July 31, 1928.

PORTLAND *v.* WELCH, ASSESSOR, ET AL.

(269 Pac. 868.)

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

For appellants there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Leon W. Behrman,* Deputy District Attorney.

For respondent there was a brief and oral arguments by *Mr. Frank S. Grant,* City Attorney, and *Mr. L. E. Latourette,* Deputy City Attorney.

RAND, C. J.—This is an appeal from a decree enjoining the defendants, as the tax-levying officers of Multnomah County, from assessing or levying general taxes upon certain real property belonging to and situate within the City of Portland. The property in question, together with other adjoining lands, was purchased by the city for the purpose of establishing a municipal park. The park has been established and it was deemed inadvisable to use a portion of the purchased property for municipal park purposes. Such portion has been platted into lots by the city and offered for sale but has not yet been disposed of. These platted and unsold lots are the subject of controversy here.

Section 4235, Oregon Laws, as amended by Chapter 270, Laws of 1925, provides in part as follows:

"The following property shall be exempt from taxation: * * 2. All public or corporate property of the several * * cities * * used or intended for corporate purposes, except lands belonging to such public corporations held under a contract for the purchase thereof."

■ As originally enacted on January 27, 1854 (see General Laws of Oregon, compiled and annotated by M. P. Deady, page 894), this exemption was defined by the words "all public or corporate property of the several counties, cities, villages, towns and school districts in this state, used or intended for corporate purposes." So far as applicable to the exemption from taxation of real property belonging to a city,

the statute remained in its original form until amended by Chapter 268, Laws of 1907, when the words, "held under a contract for the purchase thereof," were added. Hence, since 1854, this statute defining the exemption from taxation of real property belonging to the cities of this state has been in operation without amendment except the provision making taxable lands owned by a city which have been contracted to be sold by the city to a private individual, until amended in 1907, and during all of that time, so far as known to us, no attempt has been made by any officer in the state to tax any of the public or corporate property of a city or other corporate bodies named in the statute. This contemporaneous construction placed upon the act by all of the departments and officers of the state is very persuasive upon the meaning of the statute and affords strong grounds against the placing of a different construction even if the language of the act would seem to indicate that such was the real meaning of the words used in the statute. The fact that the 1907 legislature amended the act by inserting the words "held under a contract for the purchase thereof" shows that it was the intention of the legislature to make taxable property that had not been taxable theretofore, namely, real property the title to which was in one of the designated corporate entities and which had been contracted to be sold and, therefore, had become the subject of private ownership. This fact affords additional argument to the correctness of the contemporaneous construction which has always been placed upon this particular exception.

██ Independently of this, however, the language of the statute is all public or corporate property of

the city used or intended for corporate purposes. Where a statute defines as exempt from taxation all public or corporate property of a municipality, using the words "public" and "corporate" both, it would seem that it was intended to include all property of every nature belonging to the city, for if the word "public," as applied to property, was intended to include only such property as was held in a governmental capacity, that is for a public use, then it would seem that all other property of the municipality and belonging to it would be regarded as corporate property. In any event, it is obvious that these platted lots which the city is attempting to dispose of and which when disposed of will become subject to taxation are included within the words "all public or corporate property," as used in the statute, and hence are exempt from taxation. The other words used in the statute to qualify the property to be exempt from taxation, "used or intended for corporate purposes," would not take this property out of the operation of the statute, for it is property which is held by the city for sale and when so sold the proceeds will be applied to the public revenues and, being so held for said purpose, it is clear that it is being "used or intended for corporate purposes."

If property belonging to the state or to an agency of the state should be made the subject of taxation, the burden of the taxpayer would not thereby be diminished but would be increased by such additional expense as would be incidental to its collection. Under our system of taxation public revenues are derived from the taxation of property privately owned and, in the absence of an express legislative declaration to that effect, it is unreasonable to suppose that the legis-

lature intended that property belonging to the public should be taxed. No benefit to the public could arise from such taxation. There is nothing in the language of our statute to indicate that the legislature intended the property in question to be taxed.

Various decisions from other states have been cited but our attention has been called to no statute containing the language of ours. Decisions passing upon the effect of dissimilar statutes in other states can be of but little aid in determining the meaning of our own.

Finding no legal grounds upon which a demurrer to the complaint could have been sustained, the decree appealed from will be affirmed.          AFFIRMED.

BEAN, BELT and ROSSMAN, JJ., concur.