Argued November 20, 1930; reversed April 14, 1931

KELSEY *v.* NORBLAD, GOVERNOR, ET AL.

(298 P. 199)

*Chas. J. Shelton,* of Portland, for appellant.

*Willis S. Moore,* Assistant Attorney General (I. H. Van Winkle, Attorney General, Stanley Myers, District Attorney, and Jay H. Stockman, Assistant District Attorney, both of Portland, and J. M. Devers, of Salem, on the brief), for respondents.

■■■ ROSSMAN, J. Due to the fact that the 1931 session of the legislature, which has but recently adjourned, repealed the aforementioned chapters of the 1929 session laws and substituted in their stead new legislation which will soon become effective, the issue before us is not of sufficient importance to warrant a quotation herein of the two above laws. The same circumstance likewise suggests that a statement of our conclusions, with but a brief outline of the reasons that brought us to them, will suffice. Even a hurried examination of chapter 333 and chapter 438 readily discloses an apparent conflict between these two laws, which were enacted within several days of each other at the 1929 session. One might easily be led to believe that those acts prescribe the maximum load which motor trucks may lawfully transport over our highways. Yet chapter 438, which permits a total weight

of 27,000 pounds for a single unit, or 34,000 pounds for a combination vehicle bears no intimation that it intends to repeal or modify chapter 333 which prescribes 22,000 pounds as the legal weight to be placed upon the highway by a motor truck and a like weight by its trailer. The two acts supply evidence that no conflict was intended and each contains some indications, possibly slight, that it was intended to be applicable to a type of vehicle different from that defined by the other act. The plaintiff contends that the purpose of chapter 333 was to regulate the loads carried by four-wheel trucks and that chapter 438 is applicable to six-wheel carriers only. The state highway commission, which is the board charged with the responsibility of constructing and maintaining the highways of this state, filed an answer to the original complaint which is made a part of the second amended complaint and which contains the following statement by the commission:

"It is their belief that the 34,000 pound limit prescribed and fixed in chapter 438, General Laws of Oregon, 1929, should be applied to six-wheel vehicles or combination vehicles operating under the provisions of said chapter, and that the 22,000 pound limit of truck and load or trailer and load prescribed and fixed by the provisions of chapter 333, General Laws of Oregon, 1929, should be applied to four-wheel vehicles operating under the provisions of said chapter."

The second amended complaint alleges that the law enforcement officers have placed the same construction upon these two legislative acts. The contemporaneous construction of a statute by those charged with its execution is entitled to weight: *Lamm v. Silver Falls Timber Co.*, 133 Or. 468 (286 P. 527, 291 P. 375); *Portland v. Welch*, 126 Or. 293 (269 P. 868);

*Spencer v. City of Portland,* 114 Or. 381 (235 P. 279);
*Twohy Bros. Co. v. Ochoco Irrigation Dist.,* 108 Or. 1
(210 P. 873, 216 P. 189). Believing as we do that the
two acts are reasonably capable of the construction
which has been placed upon them by the highway com-
mission and by the law enforcement officers, and giv-
ing effect to the rule of law which ascribes cogency
to the contemporaneous construction of a law by the
officials charged with its execution it is our conclusion
that 1929 session laws, chapter 333, is applicable to
four-wheel trucks and their trailers and that the pro-
visions of 1929 session laws, chapter 438, which the
defendants proposed to apply to four-wheel trucks and
trailers is applicable to six-wheel trucks only. It,
therefore, follows that the decree of the circuit court
is in error and that the plaintiffs are entitled to the
relief sought in their complaint. The cause will be
remanded to that court with instructions to enter a
decree in conformity with the above.