Argued February 4, affirmed April 27, 1960

# CENTRAL LINCOLN PEOPLE'S UTILITY DISTRICT *v.* STATE TAX COMMISSION

351 P. 2d 694

*Allan Hart,* Portland, argued the cause for appellant. On the briefs were Hart, Davidson & Veazie, Portland.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Lusk,[*] Perry, Sloan, O'Connell and Harris, Justices.

PERRY, J.

By this suit, plaintiff sought a declaratory judgment of its rights authorizing injunctive relief preventing defendant State Tax Commission from collecting a corporate excise tax upon this people's utility

---

[*] Resigned March 15, 1960.

district under Oregon Laws 1955, Ch 592, §2, p 716, now ORS 317.074 (as that ORS section read in 1955).

Plaintiff, a people's utility district, serves approximately 11,042 customers with electricity in Douglas, Coos, Lane and Lincoln counties and in the city of Toledo. It was organized in 1940 pursuant to what is now referred to as "The People's Utility District Law."

By way of historical review, people's utility districts were authorized by constitutional amendment, Oregon Constitution, Art XI, § 12, 1930, which provided for, among other things, enactment of laws necessary to carry out the provisions of the amendment. Pursuant to this amendment, the legislature devised a complete code for the administration of such districts; Oregon Laws 1931, ch 279, p 477, now ORS ch 261. Each district has power of eminent domain and may levy and collect taxes on all property, both real and personal, within its boundaries. The voters of the district elect directors, authorize issuance of bonds and changes of boundaries. By design, a people's utility district is a nonprofit organization, with rates intended to cover costs of operations, maintenance, taxes, amounts due on bonds and other indebtedness. Any amount over and above these "expenses" would result in nondistributable "net income."

Plaintiff has been subject to an ad valorem tax on its properties by virtue of Section 10, Oregon Laws 1939, ch 387, p 759. Since that time this plaintiff and other people's utility districts have been assessed by the State Tax Commission in the manner set forth in ORS 308.505 to 308.660. In 1955 there was imposed a 4% utility corporation excise tax. Oregon Laws 1955, ch 592, § 2, p 716, now ORS 317.074. At the time in question here, ORS 317.074(1) read:

"Every corporation and company the property

of which is assessed by the State Tax Commission under ORS 308.505 to 308.660 and which does or is authorized to do business within this state, shall annually pay to this state, for the privilege of carrying on or doing business by it within this state, an excise tax according to or measured by its net income (which net income shall be computed in the manner provided in this section) at the rate of four percent upon the basis of its net income for the taxable year, but such tax shall not be less than a minimum of $10 for each taxable year or other taxable period."

The plaintiff refused to file a utility excise tax return for the year 1955, claiming ORS 317.074(1), supra, did not apply to people's utility districts, and, if so applied, it is to that extent unconstitutional. For the purpose of having the matter determined this suit was instituted. The cause was submitted on the pleadings and an agreed statement of facts. The trial court rendered an opinion and subsequent decree, holding the plaintiff liable for the tax and the Act constitutional. From this decree plaintiff appeals.

Plaintiff first contends that the words "Every corporation and company" as used in ORS 317.074(1), supra, must conform to the definition set forth in ORS 317.010(2), which at that time stated:

" 'Corporation' includes every corporation and every company, joint stock company, joint stock association, business, trust, society or other association wherein interest or ownership is evidenced by certificates or other written instruments or wherein the interest or rights of stockholders, members, associates or beneficiaries are represented or evidenced by units or shares."

and that plaintiff is not such a "corporation" or "company" within the meaning of ORS 317.010(2), be-

cause the definition of a corporation therein set out includes only those corporations wherein the interest or ownership is evidenced by certificates or other written instruments evidencing the individual's right or ownership in the corporation and such evidences of ownership are not possible in a people's utility district company.

In 1955 people's utility districts were and are now required to pay ad valorem taxes. *People's Util. Dist. et al. v. Wasco Co. et al.*, 210 Or 1, 305 P2d 766. Such taxes are provided in the statute under ORS 308.505 to 308.730, and ORS 308.515, which prior to amendment by Oregon Laws 1957, ch 711, read in part as follows:

"(1) The State Tax Commission shall make an annual assessment, upon an assessment roll to be prepared by the commission, of the following property having a situs in this state:

"(a) The property of all companies engaged in performing or maintaining any of the following businesses or services, whether in domestic or interstate commerce or both, and whether mutually, or for hire, sale or consumption by other persons: Railroad transportation; railroad switching and terminal; electric rail and trackless trolley transportation; sleeping car; refrigerator car; private car; tank car; air transportation on certified flight or by letter of registration; water transportation upon inland waters of the State of Oregon, except as provided in subsection (2) of this section; express; telegraph communication; telephone communication including cooperative telephone districts; heating; water, gas and electric companies including *people's utility districts;* pipe line; toll bridge." (Italics ours.)

The legislature in providing definitions to be used

in construing words used in ORS 308.505 to 308.660 provided in ORS 308.505(1) the following:

"The terms "person," "company," "corporation" or "association" apply to and shall be construed to refer to any person, group of persons, whether organized or unorganized, firm, joint stock company, association, cooperative or mutual organization, syndicate, copartnership or corporation engaged in performing or maintaining any business or service as enumerated in ORS 308.515."

While this definition for ad valorem taxes is all inclusive, being restricted only as to the performance or maintenance of any business or service enumerated in ORS 308.515, and, therefore, specifically includes the plaintiff and its operations, it is to be noted that ORS 308.515 specifically requires that the State Tax Commission assess the properties of people's utility districts so that no definition of its personal or corporate entity is necessary under the definitions set out in ORS 308.505.

The corporation excise tax law as originally enacted imposed an excise tax upon "every national banking association, bank, building and loan association, savings and loan association, mutual savings bank, and financial, manufacturing, mercantile or business corporation," (Oregon Laws 1929, ch 427, § 1(b), p 617) and provided that those corporations whose properties were assessed by the State Tax Commission for ad valorem taxes should be exempt.

Under this original act it was not necessary for the legislature to consider the effect of such a tax upon people's utility districts for they had not as yet come into existence. However, when these districts did come into existence they were exempt from this tax. This was done by providing specifically that people's

utility districts should be assessed by the State Tax Commission. Oregon Laws 1939, ch 343, p 633. This exemption was maintained as regards an excise tax until 1955 when as to this tax the exemption was removed as to "corporations whose properties are assessed by the State Tax Commission."

It would seem clear at this point that, since an excise tax is imposed upon corporations whose properties are assessed by the State Tax Commission and a people's utility district is assessed by the tax commission, the district is subject to the tax, if constitutional.

However, it is pointed out by the plaintiff that it was stipulated that utility properties assessed by the State Tax Commission do in fact include utility properties owned by individual persons or by co-partnerships, which are not required to pay this excise tax. Therefore, it is argued that the excise tax applies only to public utility corporations or companies such as are defined by ORS 317.010. We agree that this was the intention of the legislature.

■ An excise tax is a tax assessed upon corporate income earned within the state. Therefore, it was necessary that the legislature distinguish this tax from that assessed and payable under the provisions of the Personal Income Tax Act. In doing so, it used exactly the same definition of "corporation" in each Act. ORS 316.010(2) and 317.010(2). Thus demonstrating the intention to provide a tax upon all public utility corporations and all business entities so engaged which, although not true corporate entities, contain many of the characteristics of a corporation, such as the distribution of profits or dividends according to the interest of the individual as evidenced by "certificates or other written instruments or wherein the interest or rights of stockholders, members, associates or bene-

ficiaries are represented or evidenced by units or shares," or permitting a transfer of interest by the members without affecting the continuity of the enterprise.

■ In other words, we are of the opinion that the definition set forth in ORS 317.010(2), supra, includes all corporations, municipal, quasi-municipal and private. The use of the conjunctive "and" shows the intent to include as corporations all business enterprises having some of the characteristics of a corporation. The reference to shares, etc., qualifies the word "companies" and not "corporations." "The meaning of the word 'corporation' has been well established under general law; but the term as used in the various revenue acts always has been more comprehensive than its usual connotation. * * * Speaking generally, it may be stated that where individuals voluntarily have associated themselves together, without a charter or in unincorporated form to engage in business using methods and forms resembling those commonly used by corporations, the organization created by them will be classifiable as an association and taxable as a corporation." 7 Mertens, Law of Federal Income Taxation, § 38A.01, p 2.

■ A people's utility district is a quasi-municipal corporation. *Hillman v. Northern Wasco Co. P.U.D.*, 213 Or 264, 323 P2d 664; *People's Util. Dist. et al. v. Wasco Co. et al.*, 210 Or 1, 305 P2d 766; *Wasco County P.U.D. v. Kelly*, 171 Or 691, 137 P2d 295. For "[w]hile they have some of the attributes of a true municipal corporation, they have no specific charter and are created by a general legislative enactment as an agency of the state for some particular purpose." *Wasco County P.U.D. v. Kelly*, 171 Or 691, 719, supra.

We, therefore, reach the opinion that the word

"corporations" as used in ORS 317.010, supra, is broad enough to include the plaintiff.

■ The plaintiff argues that if quasi-municipal corporations, such as itself, are included in the definition of "corporations" contained in ORS 317.010, supra, all municipal corporations must suffer taxation accordingly. The question of whether or not a state may tax a municipality is not before us and is not material to this opinion. ORS 317.074, supra, confines the corporations accountable for the tax to those found in ORS 308.515, supra. However, in this connection it must be remembered that in the absence of any constitutional prohibition a state has the power to tax the property of its cities, counties, and their political subdivisions. *People's Util. Dist. et al. v. Wasco Co. et al.,* supra; *Security Sav. & Trust Co. v. Lane County,* 152 Or 108, 53 P2d 33; *Portland v. Multnomah County,* 135 Or 469, 296 P 48; *Portland v. Welch et al.,* 126 Or 293, 269 P 868; *State v. Preston,* 103 Or 631, 206 P 304, 23 ALR 414.

■ The intention to tax a municipality is not to be inferred, but must be clearly manifested by an affirmative legislative declaration. *Portland v. Welch et al.,* supra; *State v. Preston,* supra. See 84 CJS 388, Taxation § 202. Such intention affirmatively appears as to this plaintiff, the legislature including specifically people's utility districts in ORS 308.515, supra.

The plaintiff also contends that the imposition of an excise tax upon people's utility districts is unconstitutional in that it is a tax upon the privilege of doing business within the state, and, since the constitution grants this privilege of doing business, the legislature may not take away that right under the guise of a tax.

■ The difficulty with this argument is that it pre-

supposes that the state upon permitting such districts to be formed has surrendered its sovereign power to tax such districts. "The power of exemption, as well as the power of taxation, is an essential element of sovereignty and can only be surrendered or diminished in plain and explicit terms." *Staiger v. Holman,* 144 Or 67, 77, 6 P2d 43, 18 P2d 591, 23 P2d 917.

■ Nowhere in Article XI, § 12, is there to be found "explicit terms" that people's utility districts shall not be subject to taxation as are other corporations. This constitutional provision permits the formation of such districts, but when formed they are entitled to the same privileges and obligations as other quasi-municipalities as regards taxation.

The judgment of the trial court is affirmed.

SLOAN, J., specially concurring.

I concur only in the result reached in this decision, therefore, it appears necessary to express the reason.

The predecessor of the present state tax commission was first created by Oregon Laws 1909, ch 218. That act required "said Board of State Tax Commissioners", as it was then called, to assess for ad valorem taxation the property of companies engaged in the transportation or public utility business. The classification or identification of the kinds or types of business whose property was assessed by the state tax commission has been preserved from that time to this. Initially, property owned by "all railroad companies, sleeping car companies, union station and depot companies, electric and street railway companies, express companies, telegraph companies, telephone companies, refrigerator car companies, oil and tank line companies, and of such heat, light, power, water, gas and electric companies. . ." (Oregon Laws 1909, ch 218,

§ 4 (15)) was to be assessed by the state tax commission only; not by county assessors. This list has been added to by later amendments. Section 47 of the 1909 act provided:

"The terms 'persons,' 'company,' 'corporation' or 'association,' whenever used in this act, shall apply to and be construed to refer to any person, firm, joint stock company, association, syndicate, co-partnership or corporation engaged in or carrying on any business, the property of which is subject to taxation under this act."

From the very beginning, therefore, the legislature has said that this kind of property shall be assessed by the state tax commission regardless of the legal status of the person or other entity who owned it. It was the kind or type of property that determined the basis of the assessment of the property, not the legal status of the owner. Section 47, quoted above, is now codified at ORS 308.505 (2). It has been amended from time to time to include other specific organizations or legal entities which have come into existence since 1909, and who own or operate property of the kind assessed by the commission. "Peoples utility districts" were added by Oregon Laws 1939, ch 343.

So long as the only tax involved was a tax levied upon the ownership of property and the tax was equally assessed the character of the person owning it was immaterial. However, when income and excise taxes were imposed then a distinction between individuals and corporations became necessary. Therefore, when the first corporation excise tax was imposed in 1929 the enactment providing for the tax, Oregon Laws 1929, ch 427, specifically excluded from the excise tax "Corporations whose properties are assessed

by the state tax commission. . . ." There has never been any question as to what form of legal entity was excluded from paying the excise tax thereby imposed.

In 1955 the legislature saw fit to remove this exemption from the excise tax previously enjoyed by the companies whose property was assessed by the commission. If the legislature had desired to bring this group of legal entities who own or operate this limited form of property into the orbit of the already existing excise tax imposed by ORS ch 317, it could have been done very easily by removing the exclusion provision heretofore set forth. The legislature did not do so. Oregon Laws 1955, ch 592, as it relates to these particular companies or organizations, is a complete act within itself. It imposes an entirely separate basis of computing the amount of tax upon these peculiar companies in contrast to the basis of the excise taxes levied on other business corporations. And it defines the companies and corporations subject to the act by reference to, ORS 308.505 to 308.660, not by reference to ORS 317.010. It is the same designation, in different words, that was originally used to exclude such companies or corporations from the excise tax. It is just as easy to now identify the companies subject to the excise tax as it formerly was to determine who was excluded. This distinction is important. So much so that we should exercise the same caution as the legislature and not attempt to expand the meaning of the word "corporation" as defined by ORS 317.010 to include a municipal corporation.

When the legislature enacted the 1955 act it intended to subject all of the legal entities designated in ORS 308.505 *et seq.* to the excise tax except strictly

individual people who owned property subject to assessment by the commission. The individual who owned such property was subject to the personal income tax act for any profits earned. For obvious reasons, therefore, the legislature excluded them from the payment of an excise tax. The remaining entities, whose identity for exclusion purposes had been companies or corporations whose property had been subject to assessment by the commission, were now, by the same identification, to pay the tax.

For the reasons expressed I am of the opinion that it was not necessary to resort to ORS 317.010 for a designation of the corporations to be subjected to the act of 1955. There is no occasion or need to hold that ORS 317.010 includes municipal corporations. This is the same reasoning as that adopted by the trial court in deciding this case.

O'CONNELL, J., joins in this concurring opinion.