The **CITY OF SPRINGFIELD, Missouri,
a municipal corporation, et al.,
Appellants,**

v.

Richard J. **FREDRICKS, Director of the
Division of Insurance, et al.,
Respondents.**

No. 62287.

Supreme Court of Missouri,
Division No. 2.

April 6, 1982.

Turner White, Springfield, for appellants.

John Ashcroft, Atty. Gen., Christopher M. Lambrecht, Asst. Atty. Gen., Jefferson City, for respondents.

STOCKARD, Commissioner.

The City of Springfield, a municipal corporation, brought this action in two counts; Count I for the return of taxes paid under protest, and Count II for the cancellation of a penalty for the late payment of the tax.

Springfield owns, and operates by use of a Board of Public Utilities, all of its utilities, including electric, gas, water, and transportation services. The Board procures insurance on substantially all facets of its operations, in some instances directly from the insurers and in some instances through brokers. Neither group does business in the State of Missouri.

Missouri taxes several phases of the insurance industry, principally by use of a "premium tax" measured by a percentage of the premiums collected by the insurers as the result of business done in this State. See § 148.370 RSMo 1978. Not all risks in this State that are insured are covered by policies written by carriers admitted to do business in this State. Insurance risks which present some novel aspect, or are extremely large, are frequently written by carriers not admitted to do business in Missouri, and such carriers are referred to as surplus line insurers. Generally such carriers have insufficient contact with this State to be subject to the premium tax.

In 1977 the Legislature adopted "The Surplus Line Law," Chapter 384, RSMo 1978, one section of which, § 384.160.4, imposes a tax for "the general support of the government" upon "the insured" who obtains coverage from a surplus line insurer in an amount equal to 5% of the premiums paid on insured risks in Missouri. The amount of the tax was computed and assessed by the Director of the Division of Insurance, and the City of Springfield paid the tax under protest. By Count I it now seeks to recover the amount so paid. Pursuant to § 384.170 the Director of Revenue assessed a penalty of 50% of the tax, and by Count II the City seeks the abatement of that penalty.

The City contended and now contends that § 384.160.4 is void as applied to it because the statute purports to impose a tax on property of the City, which admittedly is a political subdivision of the State, *State ex rel. Arenson v. City of Springfield*, 332 S.W.2d 942 (Mo. banc 1960), in violation of Art. X, § VI of the Constitution of this State. It is there provided that "All property, real and personal, of the state, counties and other political subdivisions, * * * shall be exempt from taxation * * *."

We deem it unnecessary to rule specifically whether the tax imposed by § 384.-160.4 is a tax on property or an excise tax. If it is a tax on property it is void in its application to the City of Springfield. If, on the other hand, it is an excise tax, then we agree with the contention of the City of Springfield that § 384.160.4, RSMo 1978, does not by its express terms include municipal corporations as being subject to the tax.

The precise wording of the taxing provision is as follows:

"4. For the general support of the government of this state there is levied upon the insured who procures insurance pursuant to subsections 1 and 3 of this section a tax at the rate of five percent of the net amount of the premium in respect of risks located in this state * *."

The term "insured" is not statutorily defined although several other terms used in the statute are so defined.

In *State ex rel. Missouri Portland Cement Co. v. Smith*, 338 Mo. 409, 90 S.W.2d 405 (banc 1936), the issue was whether the sales tax, an excise tax, applied to the State Highway Department. The tax was imposed directly upon the "sale, service or transaction," and required the seller to collect the tax from the purchaser, or recipient of the service. On the issue of whether the then constitutional provision (Const. of Mo. 1875, Art. 10, § 6) against taxing property of a governmental subdivision was applicable, it was stated: "The weight of authority seems to be that, as applied to counties, municipalities, and other subdivisions, exemption from property tax does not ordinarily extend to excise taxes." This is the general rule. Vol. 16 McQuillin, Municipal Corporations, § 44.68. Therefore, when we consider the tax imposed by § 384.160.4 to be an excise tax, it is not prohibited by Art. 10, § VI, Const. of Mo. 1945.

In *Commonwealth ex rel. Luckett v. City of Elizabethtown*, 435 S.W.2d 78, 80 (Ky. App.1968), the court commented: "As a strictly logical proposition it is difficult to see what is to be gained by one governmental unit taxing another," but the court added that the legislature had the power to do so if it so desired absent some constitutional restriction. See also 84 C.J.S. Taxation § 202. As a result of this reasoning there has developed a general but uniform rule that when there exists the power to tax and "a tax levy is made in general terms with nothing to indicate that it was intended to apply to a city or a county it will be held not to apply." *City of Anniston v. State*, 265 Ala. 303, 91 So.2d 211, 212 (1956). For example, in *Swanton Village v. Town of Highgate*, 131 Vt. 318, 305 A.2d 586 (1973), it was stated that it was contrary to the policy of that state to subject its own property "or that of its municipalities" to a general tax "absent the most positive legislative enactment," and in *State v. City of Madison*, 55 Wis.2d 427, 198 N.W.2d 615 (1972), it was held that there must be "a clear manifestation of the intent to tax"

before State property can be subject to taxation. In *Central Lincoln People's Utility District v. Stewart*, 221 Or. 398, 351 P.2d 694 (1960), it was stated that "The intention to tax a municipality is not to be inferred, but must be clearly manifested by an affirmative legislative declaration." It has in one case been held that this clear manifestation cannot be by reason of "a general taxing statute, but [the tax] must be * * * by special legislation." *Northern Wasco County People's Utility District v. Wasco County*, 210 Or. 1, 305 P.2d 766 (1957). See also *Styles v. Village of Newport*, 76 Vt. 154, 56 A. 662 (1904); 84 C.J.S. Taxation, § 202. See also a clear and succinct statement of the rule in Vol. 2, Cooley, Taxation, 4th Ed., § 621.

In *City of Webster Groves v. Smith*, 340 Mo. 798, 102 S.W.2d 618 (1937), the State imposed an excise tax in the form of a sales tax on the privilege of engaging in the business of selling water, and it sought to apply the tax to the City of Webster Groves which was selling water to its inhabitants. The imposition of the tax was upon a "person" which was statutorily defined to include "any individual, firm, co-partnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate or any other group or combination acting as a unit, and the plural as well as the singular number." After reviewing the "act as a whole" the court stated that it found "no language or provisions therein from which an implication necessarily arises that it was the legislative intent to include a municipal corporation within the act," and the court then concluded that "the word 'corporation' as used does not include a municipality and therefore a municipality is not within the act." The act was soon thereafter repealed and reenacted, and the definition of a "person" subject to the tax was changed to include, among other things, "corporation, municipal or private." Laws of Missouri 1939, p. 855.

The tax is imposed on "the insured" and this is not statutorily defined to include a municipality. In fact there is nothing to indicate that the Legislature intended to

impose a tax on a municipality. If faced with this issue the Legislature may decide to tax a municipality who qualifies as an "insured," but it has not done so by a clear manifestation of such intent. In these circumstances the City of Springfield is not subject to the tax imposed by § 384.160.4 RSMo 1978.

The judgment is reversed and the cause remanded for further proceedings consistent with the views here expressed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.