IN THE TAX COURT OF THE
STATE OF OREGON

WESTERN GENERATION AGENCY,
an ORS chapter 190 intergovernmental entity
formed by the Eugene Water & Electric Board
and The Clatskanie People's Utility District

*v.*

DEPARTMENT OF REVENUE

(TC 3860)

James E. Benedict, Thomas M. Grim, and Tamara L. Townsend, Cable Huston Benedict & Haagensen, Portland, represented plaintiff (WGA).

Robert W. Muir, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered February 13, 1997.

### CARL N. BYERS, Judge.

Western Generation Agency (WGA) appeals from the denial of a property tax exemption for its electrical generating facility. If it is determined that the facility is taxable, then WGA also appeals the assessed value. This matter is before the court on cross motions for summary judgment to resolve the tax status of the property.

### FACTS

WGA is an intergovernmental entity formed under ORS chapter 190[1] by the City of Eugene, acting through its Eugene Water and Electric Board (EWEB), and the Clatskanie People's Utility District (CPUD). EWEB is a municipal utility authorized by the Eugene City Charter to generate, distribute, and sell electricity. CPUD provides retail electrical service in Columbia and Clatsop counties. On October 13, 1993, EWEB and CPUD executed an intergovernmental agency agreement creating WGA. The purpose of WGA is to construct, own, and operate an electrical generation facility. The facility consists of a fluidized bed boiler, with necessary handling and environmental systems, and a

---

[1] All references to the Oregon Revised Statutes are to 1995.

36 megawatt steam turbine and associated equipment. The facility is located at Wauna, Oregon, on land owned by the James River Paper Company, Inc. (James River), and adjacent to the pulp and paper manufacturing facility owned by James River. By prearrangement, James River agreed to build the facility, lease its land to WGA, supply the fuel, and operate and maintain the project. The project creates steam by processing sludge, bark, and wood chips. The steam is then used to generate electricity.

WGA is a separate agency governed by a six-member board of directors: three appointed by EWEB and three appointed by CPUD. Both sponsoring organizations adopted ordinances ratifying and approving the creation of WGA. They then filed copies of those ordinances and an affidavit of creation with the Secretary of State in compliance with ORS chapter 190. To further ascertain and verify that WGA was legally constituted, WGA's board of directors petitioned the Columbia County Circuit Court for a judicial determination that the organization was validly formed. By decree dated January 20, 1994, the circuit court ruled that WGA was a validly constituted municipal corporation within the meaning of ORS 33.710. WGA has taken extra care to establish its legitimacy because its basic purpose is to reduce the cost of issuing bonds and borrowing construction funds. Substantial savings can occur by having one agency, instead of two, issue bonds. WGA used proceeds from the bonds to construct the facility. The bond obligations are to be paid from the facility's operating revenues. The facility cost $85,100,000 and was financed by $70,000,000 in issued bonds and $15,100,000 in equity capital contributed by EWEB. Construction of the facility has been completed, and WGA has agreements to sell all of the electricity generated.

## ISSUES

The motions for summary judgment present two issues:

(1) Is WGA a municipal or public corporation whose property is exempt from taxation under ORS 307.090(1)?

(2) If WGA is a municipal or public corporation within the meaning of ORS 307.090(1), then is its property nevertheless subject to taxation under ORS 308.505 to ORS 308.665?

## ANALYSIS

In considering the nature of WGA, it is necessary to examine the legislation under which it was created. ORS 190.010 permits units of local government to enter into agreements with one another for the performance of an activity they both have authority to perform. They may perform the function by consolidated departments, joint administrative officers, joint facilities, or

"[b]y an intergovernmental entity created by the agreement and governed by a board or commission appointed by, responsible to and acting on behalf of the units of local government that are parties to the agreement[.]" ORS 190.010(5).

The statute provides that the governmental units may use any one or a combination of the above methods to achieve the desired results. The statute does not suggest what kind of "entity" is contemplated.

In ORS 190.007, the legislature set forth the policy behind those joint arrangements. The statute states:

"In the interest of furthering economy and efficiency in local government, intergovernmental cooperation is declared a matter of statewide concern."

ORS 190.007 further requires that the statutory provisions relating to the intergovernmental agreements be liberally construed.

ORS 307.090(1) exempts certain public property from property taxation. It states:

"Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation."

WGA claims that it qualifies as a municipal corporation for purposes of ORS 307.090(1). It argues that it meets the following four tests of a municipal corporation:

"(1)   It is created for governmental or public purposes, with political powers to be exercised for the public good in the administration of civil government;

"(2)   Its members are citizens, not stockholders, and is supported in whole or in part by public funds;

"(3)   It is an instrument of the government with certain delegated powers subject to the control of the legislature; and

"(4)   It is governed by managers deriving their authority from government."

WGA contends these are four characteristics of a municipal corporation, *citing Cook v. The Port of Portland*, 20 Or 580, 27 P 263 (1891), *State ex rel Eckles v. Woolley*, 302 Or 37, 49, 726 P2d 918 (1986), and *Dryden v. SAIF*, 88 Or App 542, 544-45, 746 P2d 240 (1987).

In response, the Department of Revenue (department) acknowledges that while WGA may be a public and municipal entity, it is not a corporation. The department contends that the cited cases merely distinguish between public and private corporations and do not address whether an organization is a corporation. In the department's view, a corporation is an artificial person that continues to exist independent of the individuals who compose it. It refers to 1 *Fletcher Cyclopedia of the Law of Private Corporations* § 5, at 441 (1990) to support its contention. The department points to the language of ORS 190.010 and its legislative history, arguing that the legislature did not intend to create another municipal corporation.

The legislature has statutorily defined "municipal corporation" for nine specific purposes: regulating cemeteries (ORS 226.520), requiring municipal audits (ORS 297.405), specifying local budget law procedures (ORS 294.311(19)), consolidating a city-county (ORS 199.743(2)(b)), condemnation proceedings (ORS 281.505), land use regulations (ORS 19.230), small energy projects (ORS 470.050), creating a tax supervising and conservation commission (ORS 294.605), and determining the validity of an organization (ORS 33.710). The court notes that these definitions are not consistent or uniform. Some definitions include certain cooperative

bodies, others adopt another statute by reference, and some adopt another statute by reference plus include additions. Review of these definitions provides a general feel for the legislature's use of the term "municipal corporation," but sheds no specific light upon the legislature's intention as to the meaning of municipal corporations in ORS 307.090. The context of each definition provides constraints that assist the courts in determining the legislative purpose. This may be illustrated by considering one of WGA's arguments.

WGA contends that ORS 33.710, by which the circuit court established the validity of WGA, is an appropriate definition of municipal corporation for ORS 307.090(1). However, the contextual constraints may or may not be consistent with ORS 307.090(1). The purpose of ORS 33.710 is to provide a process to establish the validity of a local governmental organization. The process removes doubts and resolves insecurities as to an organization's status, thereby allowing the parties to enter into contracts or issue bonds with assurance of validity. In this context, the legislature would intend a broad definition to accomplish its purposes for all different kinds of local governmental entities. However, this broad purpose may not necessarily apply to a tax exemption.

■ In short, WGA may be a municipal corporation for many purposes but the ultimate question is whether it is a municipal corporation within the meaning of ORS 307.090(1). To answer that question, the court begins by considering some basic principles of construction. One principle is that property owned by a state or local government unit is presumed *not* taxable, while private property is presumed taxable.

> "Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in adopting them. Such is the case with property belonging to the state and its municipalities, and which is held by them for public purposes. All such property is taxable, if the state shall see fit to tax it; but to levy a tax upon it would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited

but the officers employed, whose compensation would go to increase the useless levy. It cannot be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the state and by all its municipalities for public purposes was intended to be excluded, and the law will be administered as excluding it in fact, unless it is unmistakably included in the taxable property by the constitution or a statute." Thomas M. Cooley, 2 *The Law of Taxation* § 621 (Clark A. Nichols ed., 4th ed 1924) (footnotes omitted).

In this case, the legislature has enacted ORS 307.090, which expressly addresses the tax status of publicly owned property.

■      Another principle of construction is that statutes exempting privately owned property are strictly construed with doubts being resolved in favor of taxation.

"Strict but reasonable [construction] means merely that the statute will be construed reasonably to ascertain the legislative intent, but in case of doubt will be construed against the taxpayer." *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 291, 502 P2d 251 (1972).

However, the principle of strict construction of exemption statutes does not apply to exemptions of public property. *City of Eugene v. Keeney*, 134 Or 393, 398, 293 P 924 (1930). Rather, the court will construe the statute reasonably, resolving doubts in favor of exemption of publicly owned property.

ORS 307.090(1) is broad in scope and includes "all public and corporate property" of "counties, cities, towns, school districts, irrigations districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations." If the legislature had included the words "public agencies," then there would be no dispute in this case. Regrettably it did not. On the other hand, the legislature can and has expressly made publicly owned property taxable in certain circumstances. ORS 307.110 makes publicly owned property leased for private purposes taxable, ORS 261.050 subjects the property of people's utility districts

(PUDs) to tax, and ORS 262.105 makes property owned by joint operating agencies taxable.

■ The department contends that an intergovernmental entity created under ORS chapter 190 is not exempt because it is not a corporation. However, public or municipal corporations are not created in the same manner as private corporations. They do not file articles of incorporations and bylaws. Many, such as PUDs, are not "pure municipal corporations, but are more accurately to be classified as quasi-corporations."[2] *Wasco County P.U.D. v. Kelly,* 171 Or 691, 698, 137 P2d 295 (1943). This is based on the fact that they have "no specific charter" and are "organized for a particular purpose only." *Central Pacific Co. v. Ager,* 144 Or 527, 533, 25 P2d 927 (1933). In other words, municipal corporations "do not correspond organically to private corporations." 1 *Fletcher Cyclopedia* § 60.

■ As indicated above, the legislature's definitions in nine different statutes accommodate a wide spectrum of governmental entities. As WGA points out, if the legislature enacted ORS chapter 190 to provide economy and efficiency, it is unlikely it intended to impose a tax on property owned by the resulting entity. Although it is true the legislature might well intend to tax all electrical generating facilities, an agency formed under ORS chapter 190 may own other property that the legislature did not intend to tax. "The intention to tax a municipality is not to be inferred, but must be clearly manifested by an affirmative legislative declaration." *Cent. Lincoln P.U.D. v. State Tax Com.,* 221 Or 398, 406, 351 P2d 694 (1960). In *Cent. Lincoln P.U.D.,* the court acknowledged that PUDs were only quasi-municipal corporations but held that the word "corporations" in ORS 317.010 (imposing a corporate excise tax) was broad enough to include PUDs.

■ The court finds that the legislature has not affirmatively manifested an intent to impose a tax on property owned by an ORS chapter 190 entity. Further, the court finds that WGA is a public or municipal corporation within the meaning of ORS 307.090(1).

---

[2] "The prefix 'quasi' means that a thing is treated as if it were something it resembles but is not." *Eckles,* 302 Or at 45.

The department contends that even if WGA is a municipal corporation within the meaning of ORS 307.090(1), it is taxable because ORS 307.090(1) is prefaced by the statement "[e]xcept as provided by law." The department contends that ORS 308.505 to ORS 308.665 is another provision of law exception.

ORS 308.505 through 308.665 provides for central assessment of certain kinds of property by the department. ORS 308.515(1) states, in part:

"The Department of Revenue shall make an annual assessment, upon an assessment roll to be prepared by the division of the department charged with property tax administration, of the following property having a situs in this state:

"(a)   * * * any property used or held for its own future use by any company in performing or maintaining any of the following businesses or services or in selling any of the following commodities[:] * * * electricity * * *."

Generally, the property is utility property, which tends to cross county and state lines. ORS 308.505(3)[3] defines centrally assessable property in very broad terms. ORS 308.510 enumerates some specific types of property subject to central assessment, including certain types of intangible personal property. It should be noted that ORS 307.030(2) exempts all intangible personal property from taxation except as assessed under ORS 308.505 to 308.665. ORS 308.505(2) defines what constitutes a "company" for purposes of being subject to an assessment under ORS 308.505 to 308.665. A "company" includes:

"any person, group of persons, whether organized or unorganized, firm, joint stock company, association, cooperative

---

[3] ORS 308.505(3) provides:

" 'Property having situs in this state' includes all property, real and personal, of a company, owned, leased, used, operated or occupied by it and situated wholly within the state, and, as determined under ORS 308.550, 308.555 and 308.640, such proportion of the movable, transitory or migratory personal property owned, leased, used, operated or occupied by such company, including but not limited to watercraft, aircraft, rolling stock, vehicles and cars, and construction equipment, as is used partly within and partly without the state."

or mutual organization, people's utility district, joint operating agency as defined in ORS 262.005, syndicate, copartnership or corporation engaged in performing or maintaining any business or service or in selling any commodity as enumerated in ORS 308.515 whether or not such activity is pursuant to any franchise." ORS 308.505(2).

The department contends that WGA falls within the definition of ORS 305.505(2) and, therefore, is excepted from the exemption provided by ORS 307.090(1). In making this contention, the department recognizes that many public transportation systems, electrical companies, water systems and other publicly owned properties are not subject to taxation.[4] To avoid the obvious conflict between ORS 307.090(1) and the broad definitions contained in ORS 308.505, the department suggests that the word "corporation" from the latter statute be construed to exclude "public or municipal corporation" as used in ORS 307.090.

The better approach is to follow the general principle that publicly owned property is exempt from taxation unless an express exception applies to tax the property. By enacting ORS 307.090(1), the legislature has exempted publicly owned property from taxation. When it has deemed it appropriate, the legislature has made express exceptions to the exemption in ORS 307.090(1). For example, ORS 308.505 and ORS 308.515 expressly provide that the property of PUDs and cooperative agencies formed under ORS chapter 262 are subject to taxation. It does not expressly provide that the property of public or municipal corporations are subject to taxation. In the absence of an express exception, the general rule that publicly owned property is exempt from taxation applies to exempt the property. Any other approach elevates form over substance.

The department assumes the legislature intended to make the taxation of publicly owned property depend upon a technical form of organization. This does not appear to be consistent with the legislature's intent. Rather, the statute takes the approach of specifically identifying the types of property subject to taxation.

---

[1] The department does suggest that EWEB may be subject to assessment, though it has never been in the past.

In conclusion, WGA is a municipal quasi-corporation whose property is exempt from taxation unless the legislature expressly manifests an intent to subject it to tax. The legislature has not expressed such an intent, as it has with regard to PUDs and joint cooperative agencies. Therefore, the properties of entities formed under ORS chapter 190 are not subject to tax. Now, therefore,

IT IS ORDERED that WGA's Motion for Summary Judgment is granted and,

IT IS FURTHER ORDERED that the department's Motion for Summary Judgment is denied.